UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LARRY BARRON d/b/a LARRY'S OLD TIME TRADE DAYS<br>*Plaintiff*<br><br>VS.<br><br>CENTURY SURETY COMPANY d/b/a CENTURY INSURANCE GROUP<br>*Defendant* | § § § § § § § § § § § § | C.A. NO. _____ |

# COMPLAINT

COMES NOW, LARRY BARRON d/b/a LARRY'S OLD TIME TRADE DAYS ("Plaintiff"), and for his causes of action against CENTURY SURETY COMPANY d/b/a CENTURY INSURANCE GROUP ("Century"), states as follows:

1. This is a civil action for the recovery of actual and special damages. Century's liability is based on breach of contract, statutory bad faith and violation of the Texas Prompt Payment of Claims Act.

**Parties**

2. Plaintiff is a citizen of the United States and a resident of the State of Texas.

3. Century Surety Company is an eligible surplus lines carrier in the State of Texas and a citizen of the State of Ohio. A webpage describing Century's insurance business includes the following: "*Century Surety, also known as Century Insurance Group, provides commercial excess & surplus lines coverage solutions for unique risks in all fifty states.*" The Texas Secretary of State is Century's agent for service of process in the State of Texas. Century Surety Company may be served with process at: 550 Polaris Parkway, Suite 300, Westerville, OH 43062.

## Jurisdiction and Venue

4. Jurisdiction under 28 U.S.C. §1332 is proper because the parties are citizens of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Century and Plaintiff have entered into a written agreement placing venue of this case in the Beaumont Division of the Eastern District of Texas.

## Pleading in the Alternative

6. All demands for relief and allegations of fact are in the alternative.

## General Allegations

7. On or about February 17, 2021, (a) Plaintiff was the named insured under a surplus lines renewal policy issued by Century (policy) and (b) a building insured under the policy described as Pavilion 1 or Building 1 (insured building) suffered a covered cause of loss.

8. No later than February 25, 2021, Century received written notice of the loss (claim).

9. On or before March 1, 2021, Century acknowledged receipt of the claim in writing.

10. On or about March 5, 2021, a field adjuster from Crawford and Company inspected the insured building on behalf of Century.

11. On or before March 25, 2021, the field adjuster received photographs of the metal roof of the insured building from a contractor who was working for Plaintiff (contractor photos).

12. On or about April 7, 2021, the field adjuster described the contractor photos as, "depicting weight of ice and snow damage to the metal roofing."

13. On or about April 7, 2021, the field adjuster prepared a net replacement cost estimate of less than $4,000.00 for repairs to the insured building.

14. The field adjuster's estimate did not include a replacement cost to repair of (a) damage to the metal roof of the insured building, (b) damage to domestic plumbing lines or (c) damage to the interior of the building caused by roof leaks.

15. Century retained the services of Envista Forensics to inspect the metal roof of the insured building.

16. On or about April 20, 2021, Envista Forensics took photographs of the insured building that included the area of the metal roof depicted in the contractor photos.

17. Envista Forensics reviewed the contractor photos in connection with the preparation of its inspection report.

18. In its inspection report (Envista Report), Envista Forensics concluded that "foot traffic" caused the damage observed in both sets of photos.

19. On or about June 16, 2021, Century sent a letter to Plaintiff which adopted the net replacement cost determined by the field adjuster for repair of the Insured building (June 16 letter).

20. In its June 16 letter, Century also claimed that (a) damage to the metal roof of the insured building, (b) damage to domestic plumbing lines and (c) damage to the interior of the building caused by roof leaks were excluded from coverage.

21. The June 16 letter is the product of an outcome-oriented investigation.

22. The unprecedented and extreme nature of the Texas ice storm of 2021 was widely reported both during and after the time it occurred.

23. The Envista Report described the event as a "winter storm."

24. The policy is a renewal policy.

25. Century has a right under the policy to conduct inspections and make recommendations that relate to insurability.

26. Century did not inspect the insured property to determine its insurability prior to inception or renewal of the policy.

27. Century has never made a recommendation to Plaintiff regarding the insurability of the insured property.

28. Plaintiff began emergency repairs to the metal roof of the insured building immediately after the storm.

29. The field adjuster met with a contractor doing emergency repair work at the insured building on or after March 5, 2021.

30. The Envista Report falsely claimed that no repairs had been made to the metal roof at the time of the inspection on April 20, 2021.

31. In its June 16 letter Century identified "freeze damages to the domestic plumbing lines" as the cause of resulting damage to the interior of the insured building.

32. When it sent the June 16 letter, Century knew (a) that the loss of electric power to the insured building caused water in the domestic plumbing lines to freeze and (b) that Plaintiff did his best to maintain heat in the building until the loss of power made it impossible to do so.

33. When it sent the June 16 letter to Plaintiff, Century knew (a) that snow and ice had accumulated on the metal roof of the insured building during the ice storm; (b) that the weight of accumulated ice, snow on the surface of a metal roof places significant downward pressure on metal roof panels and can cause them to deform and separate, (c) that the accumulation of ice and snow at the eaves and gutters of a metal roof creates ice dams which create openings allow water to leak into a building when the dam melts.

34. Indentations on the metal roof of the insured building consistent the accumulation of ice and snow on a metal roof appear in both the contractor photographs and photographs taken by Envista Forensics.

35. The Envista Report concluded that "the observed metal roof panel indentations were not caused by the reported winter storm event. Rater, the indentations were consistent with damage caused by foot traffic."

36. Envista Forensics supported its conclusion by offering anothis conclusion; namely, that the indentations were "consistent" with mechanically-induced downward pressure and not weather.

37. The Envista Report does not include (a) the weight of ice and snow that accumulated on the metal roof during the ice storm, (b) the "downward pressure" exerted on the roof by foot traffic, (c) when foot traffic caused the indentations or (d) the human activity that accompanied the foot traffic.

38. The policy does not exclude damage caused by foot traffic from coverage.

39. In its June 16 letter, Century speculated that the indentations resulted from activities excluded from coverage under Section B.3.c (Exclusions) of Plaintiff's policy.

40. The June 16 letter does not identify (a) the specific activities that produced the indentations or (b) when those activities occurred.

41. On or after August 30, 2021, Century's outside adjuster requested that Plaintiff's attorneys provide it with a report that was subject to the work product privilege.

42. The outside adjuster rejected an offer to share the report if Plaintiff's attorneys were reimbursed the non-recoverable expense they incurred to obtain the report.

43. When he rejected the offer, the outside adjuster advised that Century would not conduct any further investigation of the claim until it received the report.

44. On or about November 5, 2021, Century sent Plaintiff a *Partial Declination of Coverage* letter which reaffirmed Century's refusal to further investigate the claim until it received the report (November 5 letter).

45. Century's refusal to further investigate the claim until it received a report subject to the work product privilege violated its continuing duty to conduct a reasonable investigation of the claim.

46. Plaintiff has been prejudiced by Century's refusal to perform its continuing duty to conduct a reasonable investigation of the Claim.

47. Century reinspected the insured building on February 18, 2022.

48. Century has not provided Plaintiff with a copy of the report, if any, made in connection with the reinspection.

49. Century did not provide Plaintiff with a written proof loss form or request that he complete one. As a result it has waived its option to select the manner of Loss Payment under the policy.

50. The Envista Report is not objective and Century's reliance on it is unreasonable.

51. Century's partial denial of the claim is not the product of a good faith coverage dispute.

52. Century has not provided a reasonable explanation, based on facts known to it at the time coverage was partially denied, which excludes the ice storm as a covered cause of loss to the metal roof of the insured building.

53. Century has not provided a reasonable explanation, based on facts known to it at the time coverage was partially denied, which excludes the ice storm as a covered cause of loss which resulted in openings in the metal roof of the insured building and allowed water to enter into the building below.

54. Century has not provided a reasonable explanation, based on facts known to it at the time coverage was partially denied, which supports its claim that foot traffic caused damage to the metal roof of the insured building.

55. Century has not provided a reasonable explanation, based on facts known to it at the time coverage was partially denied, which supports its claim that activities excluded from coverage under Section B.3.c (Exclusions) of Plaintiff's policy caused damage to the metal roof of the insured building.

56. Century has not provided a reasonable explanation, based on facts known to it at the time coverage was partially denied, which supports its claim that damage to domestic plumbing is excluded from coverage.

57. To the extent Century intends to justify its denial of policy benefits on the negligence of a third party, its conduct is a violation of the Texas Insurance Code. TEX. INS. CODE §541.060 (a)(5).

58. No later than June 16, 2021, Century knew that its liability for the claim was reasonably clear but did not attempt in good faith to bring about a prompt, fair and equitable settlement of the claim.

59. No later than November 5, 2021, Century knew that its liability for the claim was reasonably clear but did not attempt in good faith to bring about a prompt, fair and equitable settlement of the claim.

60. Plaintiff has repaired damage to the metal roof of the insured building, damage to the interior of the building from roof leaks and damage to domestic plumbing caused by or resulting from losses covered under the policy.

61. The replacement cost value of covered repairs to the insured building is not less than $370,000.00.

## Pre-Suit Notice

62. More than thirty days before commencement this action, Plaintiff presented his claim to Century as required by the Texas Civil Practice & Remedies Code, Section 38.002; and, the claim remains unpaid. *Id*.

63. More than sixty-one days before commencement this action, Plaintiff provided Century with notice as required by Texas Insurance Code Sections 542A.002 and 542A.003.

## Attorney Fees

64. Plaintiff employed the undersigned counsel to represent his in connection with the Claim.

65. More than thirty days before commencement this action, Plaintiff presented his claim to Century as required by the Texas Civil Practice & Remedies Code, Section 38.002; and, the claim remains unpaid. *Id*.

66. Plaintiff has not received full and timely payment of his claim in violation of the prompt payment provisions of the Texas Insurance Code. TEX. INS. CODE §542.058.

67. More than sixty-one days before commencement this action, Plaintiff provided Century with notice as required by Texas Insurance Code Sections 542A.002 and 542A.003.

### Breach of Contract

68. Plaintiff incorporates paragraphs 1 through 67 as if set forth in full.

69. Century's failure to pay policy benefits for loss or damage caused by a covered cause of loss under the policy constitutes a breach of its contract with Plaintiff. Plaintiff has fully performed his obligations under the policy and/or has been excused from performing those obligations. Plaintiff has performed all conditions precedent, if any, to bringing suit against Century and/or has been excused from performing those conditions.

70. As a result of Century's breach, Plaintiff has incurred actual damages and special damages in the form of attorney fees.

### Statutory Bad Faith

71. Plaintiff incorporates paragraphs 1 through 70 as if set forth in full.

72. Plaintiff is a person as defined by the Texas Insurance Code.

73. Century is a person as defined by the Texas Insurance Code.

74. In connection with the Claim, Century engaged in an act or practice that violated Texas Insurance Code, chapter 541, subchapter B.

75. Century's violations were undertaken "knowingly" as that term is defined by the Texas Insurance Code.

76. Century's conduct is a producing cause of actual damages and special damages in the form of attorney fees.

**Prompt Payment of Claims Act**

77. Plaintiff incorporates paragraphs 1 through 76 as if set forth in full.

78. The claim was made under the policy.

79. Plaintiff gave notice of the claim to Century in the form requested by Century.

80. Century violated Chapter 542 by not timely paying the claim.

**Relief Requested**

Based on the foregoing, Plaintiff requests actual and special damages, pre-judgment and post-judgment interest, penalty interest, attorneys' fees, court costs, and such other and further relief to which he may be entitled.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,

**PORTNER ⬥ BOND, PLLC**

/s/ *Tom Kiehnhoff*

Tom Kiehnhoff, Of Counsel
State Bar No. 24031311
tkiehnhoff@portnerbond.com
1905 Calder Avenue
Beaumont, Texas 77701
(409) 838-4444 – Telephone
(409) 554-0240 – Facsimile

**ATTORNEYS FOR PLAINTIFF**