**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| LARRY BARRON d/b/a LARRY'S OLD TIME TRADE DAYS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 1:22-cv-00144-MAC |
| CENTURY SURETY COMPANY d/b/a CENTURY INSURANCE GROUP, | § § § | |
| Defendant. | § § | |

**DEFENDANT CENTURY SURETY COMPANY'S RESPONSE
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Defendant, Century Surety Company ("Century"), and pursuant to Local Rule CV-56, and this Honorable Court's Standing Order MC-56 regarding motions for summary judgment, respectfully files this its Response to Plaintiff's Motion for Partial Summary Judgment, and shows as follows:

## I.   INTRODUCTION

1.     This is a first-party insurance dispute involving alleged property damage to a commercial building resulting from the February 2021 winter storm. Plaintiff fails to carry his summary judgment burden that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law that the Century policy provides insurance coverage. Rather, Plaintiff ultimately asserts that "[a] jury could reasonably find that two covered losses combined to cause the roof damage at issue." Because Plaintiff fails to carry his summary judgment burden,

this Court should deny Plaintiff's Motion.

## II.    <u>RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS</u>

2.      Plaintiff's paragraph 2.: undisputed.

3.      Plaintiff's paragraph 3.: undisputed by context clarified in sentence 13. below.

4.      Plaintiff's paragraph 4.: undisputed.

5.      Plaintiff's paragraph 5.: undisputed.

6.      Plaintiff's paragraph 6.: undisputed.

7.      Plaintiff's paragraph 7.: undisputed but not material and undisputed by context clarified in sentence 14. below.

8.      Plaintiff's paragraph 8.: undisputed.

9.      Plaintiff's paragraph 9.: undisputed.

10.      Plaintiff's paragraph 10.: undisputed.

11.      Plaintiff's paragraph 11.: undisputed but not material.

12.      Plaintiff's paragraph 12.: undisputed but not material.

## III.    <u>UNDISPUTED FACTS</u>

13.      The policy covers "direct physical loss unless the loss is excluded or limited in this policy." Exhibit A at CENTURY 115.

14.      Century's answer to Interrogatory 4 illustrates Century's position that the claimed damage was the result of excluded causes. Exhibit B at Interrogatory 4.

15.      Texas Windstorm Insurance Association inspected the property on March 4, 2021. Exhibit C.

16.      Dennis Romero did not inspect the roofs because the roofs were not a part of Plaintiff's claim with Century when Romero inspected the property. Exhibit D at CENTURY

1316.

17.     Romero's "six-figure reserve for replacement of the roof" was prior to Century factoring in any coverage issues under the Century policy.  Romero was retained to inspect the loss and estimate repairs for any damage, not to make coverage decisions or apply policy provisions.  Exhibit D.

18.     Multiple coatings of sealant were applied to the roofs prior to February 2021. Exhibit E at CENTURY 1533-34, Exhibit F, Exhibit G.

19.     Portions of the roofs were replaced prior to the alleged date of loss, including a replacement shortly before the alleged date of loss. Exhibit H.

20.     Plaintiff does not make a claim for collapse.  Doc. 1.

21.     Century does not rely on the collapse exclusion.  Doc. 4.

### IV.     ISSUES TO BE RULED UPON

22.     Plaintiff does not include any specific request for relief or issues to be ruled upon in his Motion for Partial Summary Judgment.  Instead, Plaintiff's Motion reads more like a Response in Opposition to a Summary Judgment as it concludes: "The exclusions relied on by Century don't exclude coverage and the exception to the collapse exclusion coupled with the broad definition of collapse in the exclusion describes a situation in which ***a reasonable jury could conclude*** that two covered losses combined to cause covered damage."  Doc. 42 at 7 (emphasis added).

### V.     ARGUMENT

23.     Plaintiff is not entitled to summary judgment as he fails to meet his summary judgment burden.

24.     The subject of Plaintiff's Motion is Century's affirmative defenses that the damage is excluded from coverage due to wear and tear, corrosion/deterioration, cracking, and/or faulty or

inadequate repair, construction or maintenance. Doc. 42 at 1. Plaintiff also puts forth a new argument—that the alleged damage is covered under an exception to the collapse exclusion. Doc.42 at 6-7.

### A.      <u>Barron Does Not Satisfy His Initial Summary Judgment Burden</u>

25.      Summary judgment should be granted only if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). This rule places the initial burden on the moving party to identify those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stults v. Conoco, Inc*., 76 F.3d 651, 655–56 (5th Cir. 1996) (citations omitted). An issue is genuine if the evidence is sufficient for a reasonable jury to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56 (1986). A fact is material when it is relevant or necessary to the ultimate conclusion of the case. *Id.* at 248.

26.      As the Fifth Circuit recently held, "[u]nder the Texas insurance dispute framework, the [insured] must first show a direct physical loss as required under their all-risk policy. Then [the insurance company] can identify any exclusions to coverage for that loss. Finally, the [insured] may attempt to establish an exception in favor of coverage that applies to the identified exclusion." *Buchholz v. Crestbrook Ins. Co.*, 65 F.4th 766, 772 (5th Cir. 2023).

27.      Here, Plaintiff must first show that the alleged damage is covered under the Century policy. If Plaintiff meets this burden, then it is Century's burden to prove the loss is within an exclusion. When Century meets its burden, then it is Plaintiff's burden to establish an exception in favor of coverage that applies to the identified exclusion.

28.      In his Motion, Plaintiff asserts that the damage is covered under the Century policy because the exclusions Century relies upon do not fit the facts. However, this is putting the cart

before the horse.  Specifically, it is an incorrect burden shift as Plaintiff must first show with his own competent evidence that the Century policy provides coverage for his damage.  In his Motion, Plaintiff offers no evidence to satisfy this initial burden.[1]  For this reason alone, Plaintiff's Motion must fail.

29.     Further, for the reasons articulated at length in Century's own Motion, the Century policy does not provide coverage for Plaintiff's claims.  Doc. 41.  Century's summary judgment arguments are incorporated herein.  Therefore, even assuming Plaintiff met his initial burden (which he did not), this Court should deny Plaintiff's Motion.

**B.     An Exception to a Policy Exclusion Cannot Create Coverage**

30.     Plaintiff also asserts that the property damage could be covered based upon an exception to the collapse exclusion.  This argument misses the mark for at least two reasons.  First, the collapse exclusion is immaterial and irrelevant as neither party relied upon the collapse exclusion in their pleadings.  Thus, Plaintiff is improperly attempting to obtain summary judgment upon a basis not found in its pleading.  *See Solferini as Tr. of Corradi S.p.A. v. Corradi USA, Inc.*, No. 4:18-CV-00293, 2020 WL 1511315, at *6 (E.D. Tex. Mar. 30, 2020), aff'd, No. 20-40645, 2021 WL 3619905 (5th Cir. Aug. 13, 2021) ("A party may not raise a claim in its motion for summary judgment that was not asserted in the party's complaint.").

31.     Second, an exclusion cannot grant coverage that does not otherwise exist under an insurance policy. *United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445, 451-52 (5th Cir. 2007) (amended in part on other grounds in *United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 525 F.3d 400 (5th Cir. 2008)).  Likewise, an exception to an exclusion does not have "the affirmative status of being

---

[1] Plaintiff offers only arguments of counsel, which is not competent summary judgment evidence.  *Roberson v. Vehicle*, No. CV H-19-1393, 2020 WL 533109, at *4 (S.D. Tex. Feb. 3, 2020).

covered by the policy." *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 112 (5th Cir. 2008). Therefore, Plaintiff's argument that the exception to the collapse exclusion somehow impacts insurance coverage here is incorrect.

## VI.    CONCLUSION

Plaintiff failed to carry his burden that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. As a result, the Court should deny Plaintiff's Motion.

**WHEREFORE, PREMISES CONSIDERED**, Century Surety Company respectfully requests that the Court deny Plaintiff's Motion for Partial Summary Judgment and grant Century's Motion for Summary Judgment, find that Century owes no duty to pay any amount to Plaintiff, and for such other, and further, relief in law or in equity, that Century would show itself justly entitled and would ever pray.

Respectfully submitted,

By:   */s/ Robert J. Witmeyer*
    **ROBERT J. WITMEYER**
    Texas State Bar No. 24091174
    Email: Rob.Witmeyer@cooperscully.com
    **REAGAN F. EWING**
    Texas State Bar No. 24101162
    Email: Reagan.Ewing@cooperscully.com

    **COOPER & SCULLY, P.C.**
    Founders Square
    900 Jackson Street, Suite 100
    Dallas, Texas 75202
    Telephone: (214) 712-9500
    Telecopy: (214) 712-9540

    **ATTORNEYS FOR DEFENDANT,**
    **CENTURY SURETY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October 2023, a true and correct copy of the foregoing document was served on counsel of record using the Court's ECF filing service:

Tom Kiehnhoff
Portner Bond, PLLC
1905 Calder Avenue
Beaumont, Texas 77701
(409) 838-4444 – Telephone
(409) 554-0240 – Facsimile
***Attorney for Plaintiff***

*/s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**
