IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

LARRY BARRON d/b/a LARRY'S OLD
TIME TRADE DAYS,

        Plaintiff,

vs.

CENTURY SURETY COMPANY, d/b/a
CENTURY INSURANCE GROUP,

        Defendant.

NO. 1:22-CV-00144-MAC-ZJH

## REPORT AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This case is assigned to the Honorable Marcia A. Crone, United States District Judge. On November 9, 2023, Judge Crone referred this case to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 54. Pending before the court is Defendant Century Surety Company ("Century")'s *Motion for Summary Judgment*. Doc. No. 41. After careful consideration of the filings and applicable law, the undersigned concludes that the motion should be granted with respect to Plaintiff Larry Barron ("Barron")'s statutory bad faith claim and § 541.060(a)(5) claim under the Texas Insurance Code. The motion should be denied with respect to Barron's breach of contract claim and Texas Prompt Payment of Claims Act claim.

### I.    Factual and Procedural Background

This case arises from an insurance coverage dispute. According to the facts alleged in the *Complaint* (Doc. No. 1), on February 17, 2021, a winter storm damaged a commercial building owned by Barron. Doc. No. 1 at 2, ₱ 7. Century insured that building under a surplus lines renewal policy. *Id.* Barron filed a claim with Century for damages to his insured building. *Id.*, ₱ 8. Immediately after the storm, Barron began emergency repairs to the metal roof of the building. *Id.*

at 4, ⁋ 28.  Barron also repaired damage to the interior of the building and the domestic plumbing lines.  *Id.* at 8, ⁋ 60.  On February 25, 2021, Barron notified Century about damage to his insured buildings.  *Id.* at 2, ⁋ 8.

On March 5, 2021, a field adjuster retained by Century inspected the buildings.  *Id.* at 2, ⁋⁋ 8, 10.  On March 9, Century issued a reservation of rights letter explaining why some components of Barron's claim might not be covered.  Doc. No. 41-14.  On March 25, 2021, Century's field adjuster examined photographs of the building's metal roof provided by a contractor working for Barron.  Doc. No. 1 at 2, ⁋ 11.   On April 7, 2021, the adjuster prepared a net replacement cost estimate of less than $4,000 for repairs to the insured building.  *Id.* at 3, ⁋ 13.  The adjuster's estimate did not include the replacement cost for the metal roof of the insured building, damage to domestic plumbing lines, or damage to the interior of the building.  *Id.*, ⁋ 14.  On April 20, 2021, Century retained Envista Forensics ("Envista") to inspect the metal roof of the insured building.  *Id.*, ⁋ 15.  Envista reviewed photographs of the roof and took its own photographs of the insured building in preparing its report.  *Id.*, ⁋⁋ 16–17.

On May 15, 2021, Envista issued its report.  Doc. No. 41-10.  The Envista report notes that "multiple metal roofing panels that were located across metal pavilion structures 1 and 4 and Larry's Antique Mall were damaged by accumulated snow and/or ice during a winter storm event on or around February 17, 2021."  *Id.* at 3.  However, the report concludes that the "observed metal roof panel indentations were not caused by the reported winter storm event.   Rather, the indentations were consistent with damage caused by foot traffic."  *Id.*

On June 16, 2021, Century sent Barron a letter that claimed that damage to the metal roof, domestic plumbing lines, and the interior of the building was excluded from coverage.  Doc. No. 1 at 3, ⁋⁋ 19–20.  Along with its June 16 letter, Century made a partial settlement payment of

$5,191.78 for covered damages.  Doc. No. 41 at 14.  Century identified "freeze damages to the domestic plumbing lines" as the cause of damage to the building's interior.  *Id.* at 4, ₽ 31.  Century stated that the indentations in the roof resulted from activities excluded from coverage under the policy exclusions.  *Id.* at 5, ₽ 39.  Century's letter states that "[b]ased on our investigation and conclusions of the cause of damage in the engineering report, the damages found to the roof were consistent with damage caused by foot traffic and not caused by the weight of ice or snow.  In addition, defective workmanship and maintenance are excluded causes of loss as listed above in the policy.  As such, there is no coverage for the roof damages."  Doc. No. 41-12 at 3.

Barron designated Phil Spotts ("Spotts") as an expert to testify regarding damages and bad faith.  Doc. No. 49 at 1, ₽ 2.  Spotts inspected the damaged building on October 6, 2021.  Doc No. 40-1 at 6.  On November 5, 2021, Century sent Barron a second declination of coverage letter, again declining coverage for the roof damage.  Doc. No. 41-16.  This letter stated that "[y]ou have advised that you are in disagreement with the current roofing evaluation but have not provided any professional opinions to support your position other than estimates to replace the roofing system."  *Id.* at 2.  The letter also stated that Century's position remains unchanged.  *Id.*  Spotts prepared his final estimate on December 6, 2021, relying on both his inspection and "additional information that was provided by the insured."  Doc No. 40-1 at 6.  Spotts' estimate of the replacement cost value of the roof totaled $370,020.81.  *Id.*  Spotts also rendered an opinion on whether Century's claim investigation and adjustment were conducted in bad faith.  Doc. No. 40-1 at 6.[1]

---

[1] On April 23, 2024, the undersigned issued an order granting Century's *Motion to Exclude Plaintiff's Witnesses* with respect to Spotts' report on bad faith.  Doc. No. 68 at 17–18.  In that order, the undersigned also denied Century's *Motion to Exclude* as moot with respect to Spotts' report on damages in light of the court-appointed umpire's forthcoming binding appraisal of the damage in this case.  *Id.*

Additionally, Barron designated Joshua Reeves ("Reeves") as a causation expert.  Doc. No. 49 at 1, ¶ 2.  Reeves conducted two inspections of the damaged building on November 10, 2022 and November 23, 2022.  Doc. No. 40-8 at 2.  Reeves opined that the damages to the metal panels that comprised the roof of Barron's building were damages caused by environmental forces from the February 2021 winter storm.  Doc. No. 40-8 at 3.[2]

On January 3, 2022, Barron presented a pre-suit demand to Century for $370,020.81.  Doc. No. 41-11.  On February 18, 2022, MKA International, Inc. re-inspected the property on Century's behalf in response to Barron's pre-suit demand.  Doc. No. 41-15 at 5.  On March 9, 2022, MKA International issued its report, which stated that "[b]ased on our direct observations and analysis of the available weather data, the subject building's roofing and underlying structure were not impaired or compromised by the snow, ice, or temperatures experienced on or surrounding the date of loss.  The roofing at the subject building was not deformed, displaced, or otherwise impaired by the snow and ice associated with the weather surrounding the dates of loss.  Excessive weight due to snow and ice would create permanent deformation or sagging/deflection of the roofing which was not observed."  Doc. No. 41-15 at 9.

On April 8, 2022, Barron filed his *Complaint* against Century.  Doc. No. 1.  On September 1, 2023, Century filed the instant *Motion for Summary Judgment*.  Doc. No. 41.  On October 27, 2023, Barron filed a *Response*.  Doc. No. 50.  Century did not file a reply.

## II.    Legal Standards

Summary judgment shall be granted when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex*

---

[2] On April 23, 2024, the undersigned issued an order denying Century's *Motion to Exclude Plaintiff's Witnesses* with respect to Reeves' report on causation.  Doc. No. 68 at 17.

*Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022).  A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A fact is material when it is relevant or necessary to the ultimate outcome of the case.  *Id.*  ("[T]he substantive law will identify which facts are material").  The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute.  *See Celotex*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005).  The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts of materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56 (c)(1)(A)–(B).  "[T]he court . . . may not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255.  "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim."  *Ragas v. Tennessee Gas Pipeline Co*, 136 F.3d 455, 458 (5th Cir. 1998).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).  As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial."  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012)

(quoting *Harvill*, 433 F.3d at 433). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

Finally, "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995) (quoting *Anderson*, 477 U.S. at 255–56).

**III.    Discussion**

**A.  Breach of Contract**

Barron alleges in his *Complaint* that Century breached the parties' contract because it failed to pay policy benefits for damage caused by covered causes of loss. Doc. No. 1, ¶ 69. Under Texas law, to establish a breach of contract claim, a plaintiff must establish four elements: "(1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). "In Texas, insurance contracts are interpreted by the same principles as contract construction." *Ferrer & Poirot, GP v. Cincinnati Ins. Co.*, 36 F.4th 656, 658 (5th Cir. 2022). The parties do not dispute the first two elements. Thus, the parties' dispute turns on whether Century breached the contract and Barron suffered damages as a result. "To show a breach of the Policy, Plaintiff must show that Defendant failed to pay for a covered loss under the Policy." *Janjigian v. Liberty Mut. Ins. Co.*, 635 F. Supp. 3d 538, 543 (W.D. Tex. 2022); *see also Sivertson v. Citibank, N.A.*, 390 F. Supp. 3d 769, 787 (E.D.

Tex. 2019) (citation and internal quotation marks omitted) ("[A] plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.").

When determining liability in insurance coverage disputes, the insured has the initial burden of establishing coverage under the terms of the policy. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). If the insured meets this initial burden, the burden shifts to the insurer, who has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage. *Id.* If the insurer successfully proves that an exclusion applies, "the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id.* Thus, Barron has the initial burden to plead and prove that the insurance policy provides coverage for his damages claims.

In its instant motion, Century contends that Barron has not established that Century breached the policy because Barron "has not, and cannot, prove that there are any covered damages for which Century has not paid." Doc. No. 41 at 18, ¶ 39. Therefore, Century contends it is entitled to summary judgment on Barron's breach of contract claim. *Id.* Century denied coverage for the roof damage relying on the conclusions of its two independent adjusters, Envista Forensics and MKA International, Inc. and its own analysis of the policy. *See* Doc. No. 41-12 at 3; Doc. No. 41-10; Doc. No. 41-15. In response, Barron contends that snow and ice from the February 2021 winter storm caused the damage to his roof. As a result, Barron contends that Paragraph B.3(a) of the policy is an "exception to the weather exclusion," and this exception "provides coverage for [his] weather claims." Doc. No. 50 at 2. In support of this contention, Barron relies on the report of his causation expert Joshua Reeves, which concludes that the roof damage was a result of

"environmental loads," which included accumulated snow and ice, from the February 2021 winter storm.[3]  Doc. No. 40-8.

The parties' coverage dispute over roof damages ultimately depends on whether the February 2021 winter storm caused the alleged damage to Barron's property.  Century argued in its Declination of Coverage letter that even though "direct physical loss" to insured property constitutes a "Covered Cause of Loss," Exclusion 3.c. precludes coverage for Barron's roof damage claim.  Doc. No. 41-12 at 3.  Exclusion 3.c. provides that "[w]e will not pay for loss or damage caused by or resulting from . . . [f]aulty, inadequate or defective: . . . (2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction . . . [and] (4) Maintenance."  *Id.*; Doc. No. 41-2 at 81.  Century specifically stated that "[b]ased on our investigation and conclusions on the cause of damage in the engineering report, the damages found to the roof were consistent with damage caused by foot traffic and not caused by the weight of ice or snow."  Doc. No. 41-12 at 3.  Further, "defective workmanship and maintenance are excluded causes of loss as listed above in the policy."  *Id.*  Thus, Century denied coverage for the roof damage based on Exclusion 3.c.

Century has not conclusively established that "foot traffic" was the cause of roof damage or that damage from "foot traffic" makes the exclusion applicable through its instant *Motion for Summary Judgment* and corresponding evidence.  Even if Century is correct that the cause of damage to the roof was indeed "foot traffic," which Barron disputes based on his own engineer's inspection and report, Century still does not establish how "foot traffic" itself is an excluded cause

---

[3] Century attacks the validity of Reeves' report in its *Motion for Summary Judgment* by reasserting the same arguments in its previously filed *Motion to Exclude* (Doc. No. 40).  However, on April 23, 2024, the undersigned denied Century's *Motion to Exclude* with respect to Reeves' report.  Doc. No. 68.  Thus, Barron may rely on Reeves' report in support of his claims.

of loss under the policy.  Nor does Century establish how "foot traffic" constitutes "defective workmanship and maintenance" under the exclusion.  Century has failed to introduce any other facts supporting its position that Exclusion 3.c. precludes coverage for Barron's roof damage claim.  Thus, the undersigned finds that Exclusion 3.c. does not apply to deny coverage for Barron's roof damage claim.

The undersigned next turns to Exclusion 3.a., which Barron contends provides an exception to any applicable exclusion to coverage.  Doc. No. 50 at 2, ¶ 4.  This exception likely applies if a fact finder finds that the roof damage was caused by the winter storm.  Exclusion 3.a. provides that "[w]e will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c.  But if an excluded cause of loss that is listed in 3.a. through 3.c. *results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss*."  Doc. No. 41-2 at 81 (emphasis added).  Section a. of the Exclusion states: "Weather conditions.  But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph 1. above to produce the loss or damage."  *Id.*  The plain language of this exclusion indicates that if "weather conditions" "result[] in" a "Covered Cause of Loss," Century will pay for "damage caused by that Covered Cause of Loss."  *Id.*  Thus, if the February 2021 winter storm caused the roof damage, this exception likely applies and provides coverage under the policy.

The applicability of Exclusion 3.a. as an exception depends on whether the February 2021 winter storm caused the roof damage to Barron's building.  Resolution of this fact is necessary to determine whether Century wrongfully denied Barron coverage under the policy.  The parties have reached opposite conclusions on causation and both parties rely on their own expert reports that support their respective conclusions.  *See* Doc. Nos. 41-10, 41-15 (Century's expert reports); Doc. No. 40-8 (Barron's expert report).  If the winter storm did not cause the roof damage, as Century

contends, the policy likely does not provide coverage for Barron's roof damage claim. However, if the winter storm did in fact cause the roof damage, as Barron contends, the policy likely provides coverage for Barron's roof damage claims under an exception to the weather exclusion.

Century has failed to conclusively establish that Barron's roof damage claim was not entitled to coverage under the policy. The undersigned finds that there is a genuine dispute of material fact as to the cause of damage to the roof of Barron's building. Thus, Century has failed to meet its summary judgment burden on Barron's breach of contract claim. Accordingly, the undersigned recommends that Century's *Motion for Summary Judgment* be denied with respect to Barron's breach of contract claim.

### B. Statutory Bad Faith

Barron generally alleges a "Statutory Bad Faith" claim. Doc. No. 1 at 9, ¶¶ 71–76. In his *Complaint*, Barron vaguely alleges that Century violated "Texas Insurance Code, chapter 541, subchapter B" but does not specify which specific sub-section Century allegedly violated. Moreover, Barron does not mention any specific sub-section of Chapter 541 in his *Response* to Century's instant motion. *See generally* Doc. No. 50. Courts have recognized Texas Insurance Code § 541.060(a)(2)(A) as the "bad faith" provision. *Olschwanger v. State Farm Lloyds*, No. 419CV00933SDJCAN, 2021 WL 3877689, at *6 (E.D. Tex. July 30, 2021), *report and recommendation adopted*, No. 4:19-CV-933-SDJ, 2021 WL 3858061 (E.D. Tex. Aug. 30, 2021); *Lee v. Catlin Specialty Ins. Co.*, 766 F. Supp. 2d 812, 818 (S.D. Tex. 2011). Accordingly, without specific allegations as to which specific sub-section of Chapter 541 was violated, the undersigned will characterize Barron's complaint as alleging a violation of § 541.060(a)(2)(A) of the Texas Insurance Code.

Section 541.060(a)(2)(A) of the Texas Insurance Code prohibits an insurer from "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of an insured's claim once "the insurer's liability has become reasonably clear." TEX. INS. CODE § 541.060(a)(2)(A). "A bona fide coverage dispute is sufficient reason for failure of an insurer to make a prompt payment of a loss claim." *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 533 (N.D. Tex. 2022). If the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith. *Id. See also Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 525 (5th Cir. 2015) (noting that "[t]he insurer will not be faced with a tort suit for challenging a claim of coverage if there was any reasonable basis for denial of that coverage").

"In order to show some evidence indicating a report was not objective or reliance was unreasonable, a plaintiff must do more than provide conflicting experts." *Thompson v. Zurich Am. Ins. Co.*, No. A09CA493SS, 2010 WL 3784204, at *5 (W.D. Tex. Sept. 21, 2010), *aff'd*, 664 F.3d 62 (5th Cir. 2011). Put differently, "a dispute between experts about causation is insufficient to show the insurer had no reasonable basis for denying or delaying payment of the claim, and it knew or should have known that fact." *Id.* Thus, to establish a bad faith claim under § 541.060(a)(2)(A), Barron must show that Century had no reasonable basis for denying or delaying payment of the claim, and that Century knew or should have known that there was no reasonable basis for denying or delaying payment of this claim.

Barron has not introduced any evidence establishing that Century lacked a reasonable basis for denying payment of a portion of his claim. Rather, Barron has merely established a "dispute between experts about causation." *Thompson*, 2010 WL 3784204 at *5. Century relied on Envista Forensics to conduct the first inspection of the roof damage, and based on Envista's analysis and

conclusion, rejected Barron's claim for roof damage because Envista had determined the damage was not caused by the winter storm.  Doc. No. 41-12 at 2.  Century reached this conclusion on coverage based on its adjuster's report and its analysis of its own policy.  *Id.*  After Barron indicated that he disputed the analysis of the roof damage by filing his pre-suit demand, Century retained a second, separate engineering firm to re-inspect the property.  Doc. No. 41 at 15, ¶ 31.  This firm inspected the property and reached the same conclusion as Envista: the damage to the roof was not caused by snow and ice.  Doc. No. 41-15 at 9.  Century relied on this report when it again chose to decline coverage.  Doc. No. 41 at 15.  The undersigned finds that Century's reliance on both inspections by the firms it retained to inspect the roof damage was reasonable.

Barron presented his own expert on causation, Joshua Reeves, who concluded that the roof damage was based on environmental forces from the February 2021 winter storm.  Doc. No. 40-8 at 3.  The undersigned finds that Barron has identified, at best, a bona fide coverage dispute between competing experts.  *See Hinson v. State Farm Lloyds*, No. 420CV00093SDJCAN, 2021 WL 1131231, at *7 (E.D. Tex. Mar. 10, 2021), *report and recommendation adopted*, No. 4:20-CV-093-SDJ, 2021 WL 1608495 (E.D. Tex. Apr. 26, 2021) (finding a bona fide coverage dispute where insurer relied on two different adjusters that reached the same conclusion about the cause of roof damage, which differed from the plaintiff insured's diagnosis of the cause of roof damage).

Indeed, Century's experts may later be proven incorrect at trial.  Even so, Century's reliance on the conclusions of its experts as the basis for denying coverage was reasonable and does not indicate bad faith.  Barron's allegations in his *Complaint* (Doc. No. 1) and *Response* (Doc. No. 50) do not suggest otherwise.  Century has met its summary judgment burden of establishing that no genuine dispute of material fact exists regarding Barron's bad faith claim under §

541.060(a)(2)(A).  Accordingly, the undersigned recommends granting Century's instant motion on Barron's bad faith claim.

### C.  Texas Insurance Code § 541.060(a)(5)

Barron vaguely alleges a claim under TEX. INS. CODE § 541.060(a)(5).  Doc. No. 1 at 7, ¶ 57.  Section 541.060(a)(5) prohibits an insurer from "refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered."  TEX. INS. CODE § 541.060(a)(5).  Specifically, Barron alleges that "[t]o the extent Century intends to justify its denial of policy benefits on the negligence of a third party," Century violated § 541.060(a)(5).  Doc. No. 1 at 7, ¶ 57.

In its instant motion, Century contends that it "did not refuse, fail or unreasonably delay a settlement offer under the Policy and did not allege other coverage was available."  Doc. No. 41 at 27, ¶ 76.  The undersigned finds that Barron has introduced no evidence establishing that Century attempted to justify its denial of policy benefits on a third party's negligence.  Rather, Century denied coverage for Barron's roof claims following inspections by two separate, independent engineering firms and its own conclusions on coverage.  No genuine dispute of material fact exists for this claim.  Accordingly, the undersigned recommends granting Century's *Motion for Summary Judgment* on Barron's claim under TEX. INS. CODE § 541.060(a)(5).

### D.  Prompt Payment of Claims Act

Finally, Barron asserts a claim under the Texas Prompt Payment of Claims Act ("TPPCA").  Doc. No. 1 at 10, ¶¶ 77–80; *see* TEX. INS. CODE § 542, Subchapter B.  In its *Motion for Summary Judgment*, Century contends that it "timely paid for the damages covered under the property," and that "the balance of damages Plaintiff claims are not covered under the Policy."  Doc. No. 41 at

13

28, ¶ 83.  Thus, according to Century, Barron is not entitled to additional payment and Century is entitled to summary judgment.  *Id.*  The undersigned disagrees.

"To recover a statutory penalty under the TPPCA, an insured must establish: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to comply with one of the requirements of the statute with respect to the claim."  *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 540 (N.D. Tex. 2022) (alterations omitted).  "When an insurer receives a claim, it has fifteen days to acknowledge its receipt, begin an investigation, and request from the claimant all 'items, statements, and forms' that the insurer reasonably believes are necessary to evaluate the claim."  *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 653 (Tex. 2021) (citing TEX. INS. CODE § 542.055(a)).  "Within a further fifteen business days of receiving the "items, statements, and forms," the insurer must inform the claimant, in writing, whether it accepts or rejects the claim."  *Id.* (citing TEX. INS. CODE § 542.056(a)).  "If an insurer accepts the claim, in whole or in part, it has five business days to pay the insured."  *Id.* (citing TEX. INS. CODE § 542.057(a)).

If an insurer is found liable for a claim under an insurance policy and does not promptly respond to or pay the claim as the statute requires, the insurer is liable to the policy holder or beneficiary for (1) the amount of the claim, (2) 18% interest per year on the amount of the claim as damages, and (3) attorney's fees.  *Patton*, 617 F. Supp. 3d at 539 (citing TEX. INS. CODE § 542.060(a)).  Even if an insurer accepts and makes a partial payment of the claim within the statutory deadline, this "does not preclude liability for interest on amounts owed but unpaid when the statutory deadline expires."  *Schnell v. State Farm Lloyds*, 98 F.4th 150, 159 (5th Cir. 2024) (alterations omitted).  "Although the statute says nothing about reasonableness, a reasonable payment should roughly correspond to the amount owed on the claim.  When it does not, a partial

14

payment mitigates the damage resulting from a Chapter 542 violation. Interest accrues only on the unpaid portion of a claim." *Id.* "[F]or an insurer to avoid liability for a cause of action for violation of the TPPCA, the insurer must have made a reasonable pre-appraisal payment within the statutorily-provided period." *Yount v. Travelers Pers. Ins. Co.*, No. SA-23-CV-00150-JKP, 2024 WL 131380, at *4 (W.D. Tex. Jan. 11, 2024) (internal quotations omitted).

Century has failed to establish that no genuine dispute of material fact exists regarding Barron's claim under the TPPCA because even though Century has invoked appraisal, the Court-appointed umpire has not yet rendered his appraisal. Doc. No. 68 at 8. The umpire's appraisal is necessary to determine whether Century's pre-appraisal acceptance of the claim and payment of $5,191.78, paid on June 16, 2021, was a "reasonable pre-appraisal payment within the statutorily provided period." *See Yount*, 2024 WL 131380, at *4. The undersigned cannot assess the reasonableness of Century's pre-appraisal payment without the umpire's binding appraisal decision. Thus, there is a genuine dispute of material fact as to whether Century's pre-appraisal payment was reasonable for TPPCA liability. Accordingly, Century's *Motion for Summary Judgment* (Doc. No. 41) should be denied with respect to Barron's claim under the TPPCA.

### IV.    Conclusion

Century has failed to meet its summary judgment burden regarding Barron's breach of contract and Prompt Payment of Claims Act claims. Accordingly, the undersigned recommends **DENYING** Defendant Century Surety Company, Inc.'s *Motion for Summary Judgment* (Doc. No. 41) regarding Barron's breach of contract and Prompt Payment of Claims Act claims.

Century has met its summary judgment burden of demonstrating that there are no genuine issues of material fact in dispute regarding Barron's bad faith claim and claim under TEX. INS. CODE § 541.060(a)(5). Accordingly, the undersigned recommends **GRANTING** Defendant

Century Surety Company, Inc.'s *Motion for Summary Judgment* (Doc. No. 41) regarding Barron's

bad faith claim and claim under TEX. INS. CODE § 541.060(a)(5).

**V.      Objections**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file

objections to this Report and Recommendation.  Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be

served and filed within 14 days after being served with a copy of this Report, and (4) be no more

than eight (8) pages in length.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX.

CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the

United States District Judge of those proposed findings and recommendations to which a specific

objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and

conclusions of law contained in this Report, within 14 days of being served with a copy of this

Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge

of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain

error, of any such findings of fact and conclusions of law accepted by the United States District

Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 9th day of May, 2024.

Zack Hawthorn
United States Magistrate Judge