IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LARRY BARRON d/b/a LARRY'S OLD TIME TRADE DAYS,<br><br>        Plaintiff,<br><br>vs.<br><br>CENTURY SURETY COMPANY d/b/a CENTURY INSURANCE GROUP,<br><br>        Defendant. | NO. 1:22-CV-00144-MAC-ZJH |

## REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This case is assigned to the Honorable Marcia A. Crone, United States District Judge. On November 9, 2023, Judge Crone referred this case to the undersigned United States Magistrate Judge for pretrial management. Doc. No. 54. Pending before the court is Plaintiff Larry Barron ("Barron")'s *Motion for Partial Summary Judgment*. Doc. No. 42. After careful consideration of the filings and applicable law, the undersigned concludes that the motion should be denied because Barron has failed to satisfy his summary judgment burden regarding the applicability of Defendant Century Surety Company ("Century")'s asserted affirmative defenses.

### I.    Factual and Procedural Background

This case arises from an insurance coverage dispute. According to the facts alleged in the *Complaint* (Doc. No. 1), on February 17, 2021, a winter storm damaged a commercial building owned by Barron. Doc. No. 1 at 2, ¶ 7. Century insured that building under a surplus lines renewal policy. *Id.* Barron filed a claim with Century for damages to his insured building. *Id.*, ¶ 8. Immediately after the storm, Barron began emergency repairs to the metal roof of the building. *Id.* at 4, ¶ 28. Barron also repaired damage to the interior of the building and the domestic plumbing

lines. *Id.* at 8, ¶ 60. On February 25, 2021, Barron notified Century about damage to his insured buildings. *Id.* at 2, ¶ 8.

On March 5, 2021, a field adjuster retained by Century inspected the buildings. *Id.* at 2, ¶¶ 8, 10. On March 9, Century issued a reservation of rights letter explaining why some components of Barron's claim might not be covered. Doc. No. 41-14. On March 25, 2021, Century's field adjuster examined photographs of the building's metal roof provided by a contractor working for Barron. Doc. No. 1 at 2, ¶ 11. On April 7, 2021, the adjuster prepared a net replacement cost estimate of less than $4,000 for repairs to the insured building. *Id.* at 3, ¶ 13. The adjuster's estimate did not include the replacement cost for the metal roof of the insured building, damage to domestic plumbing lines, or damage to the interior of the building. *Id.*, ¶ 14. On April 20, 2021, Century retained Envista Forensics ("Envista") to inspect the metal roof of the insured building. *Id.*, ¶ 15. Envista's adjuster reviewed photographs of the roof and took his own photographs of the insured building in preparing his report. *Id.*, ¶¶ 16–17.

On May 15, 2021, Envista issued its report. Doc. No. 41-10. The Envista report notes that "multiple metal roofing panels that were located across metal pavilion structures 1 and 4 and Larry's Antique Mall were damaged by accumulated snow and/or ice during a winter storm event on or around February 17, 2021." *Id.* at 3. However, the report concludes that the "observed metal roof panel indentations were not caused by the reported winter storm event. Rather, the indentations were consistent with damage caused by foot traffic." *Id.*

On June 16, 2021, Century sent Barron a letter stating that damage to the metal roof, domestic plumbing lines, and the interior of the building was excluded from coverage. Doc. No. 1 at 3, ¶¶ 19–20. Along with its June 16 letter, Century made a partial settlement payment of $5,191.78 for covered damages. Doc. No. 41 at 14. Century identified "freeze damages to the

domestic plumbing lines" as the cause of damage to the building's interior. *Id.* at 4, ¶ 31. Century stated that the indentations in the roof resulted from activities excluded from coverage under the policy exclusions. *Id.* at 5, ¶ 39. Century's letter states that "[b]ased on our investigation and conclusions of the cause of damage in the engineering report, the damages found to the roof were consistent with damage caused by foot traffic and not caused by the weight of ice or snow. In addition, defective workmanship and maintenance are excluded causes of loss as listed above in the policy. As such, there is no coverage for the roof damages." Doc. No. 41-12 at 3.

Barron designated Phil Spotts ("Spotts") as an expert on damages and bad faith. Doc. No. 49 at 1, ¶ 2. Spotts inspected the damaged building on October 6, 2021. Doc No. 40-1 at 6. On November 5, 2021, Century sent Barron a second declination of coverage letter for the roof damage. Doc. No. 41-16. This letter stated that "[y]ou have advised that you are in disagreement with the current roofing evaluation but have not provided any professional opinions to support your position other than estimates to replace the roofing system." *Id.* at 2. The letter also stated that Century's position remains unchanged. *Id.* Spotts prepared his final estimate on December 6, 2021, relying on both his inspection and "additional information that was provided by the insured." Doc No. 40-1 at 6. Spotts' estimate of the replacement cost value of the roof totaled $370,020.81. *Id.* Spotts also rendered an opinion on whether Century's claim investigation and adjustment were conducted in bad faith. Doc. No. 40-1 at 6.[1]

Additionally, Barron designated Joshua Reeves ("Reeves") as a causation expert. Doc. No. 49 at 1, ¶ 2. Reeves conducted two inspections of the damaged building on November 10, 2022

---

[1] On April 23, 2024, the undersigned issued an order granting Century's *Motion to Exclude Plaintiff's Witnesses* with respect to Spotts' report on bad faith. Doc. No. 68 at 17–18. In that order, the undersigned also denied Century's *Motion to Exclude* as moot with respect to Spotts' report on damages in light of the court-appointed umpire's forthcoming binding appraisal of the damage in this case. *Id.*

3

and November 23, 2022. Doc. No. 40-8 at 2. Reeves opined that the damage to the metal panels that comprised the roof of Barron's building were damages caused by environmental forces from the February 2021 winter storm. Doc. No. 40-8 at 3.[2]

On January 3, 2022, Barron presented a pre-suit demand to Century for $370,020.81. Doc. No. 41-11. On February 18, 2022, MKA International, Inc. ("MKA") re-inspected the property on Century's behalf in response to Barron's pre-suit demand. Doc. No. 41-15 at 5. On March 9, 2022, MKA issued its report, which concluded that "[b]ased on our direct observations and analysis of the available weather data, the subject building's roofing and underlying structure were not impaired or compromised by the snow, ice, or temperatures experienced on or surrounding the date of loss. The roofing at the subject building was not deformed, displaced, or otherwise impaired by the snow and ice associated with the weather surrounding the dates of loss." Doc. No. 41-15 at 9.

On April 8, 2022, Barron filed his *Complaint* against Century. Doc. No. 1. On September 1, 2023, Barron filed the instant *Motion for Partial Summary Judgment*. Doc. No. 42. On October 23, 2023, Century filed a *Response*. Doc. No. 48. On October 30, 2023, Barron filed a *Reply*. Doc. No. 51.

## II.    Legal Standards

Summary judgment shall be granted when the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict

---

[2] On April 23, 2024, the undersigned issued an order denying Century's *Motion to Exclude Plaintiff's Witnesses* with respect to Reeves' report on causation. Doc. No. 68 at 17.

for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.* ("[T]he substantive law will identify which facts are material"). The moving party has the burden of demonstrating that there are no genuine issues of material fact in dispute. *See Celotex*, 477 U.S. at 323; *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005). The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009).

The movant must support its assertion by "citing to particular parts of materials in the record . . . showing that the materials cited do not establish the . . . presence of a genuine dispute, or [showing] that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56 (c)(1)(A)–(B). "[T]he court . . . may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 255. "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co*, 136 F.3d 455, 458 (5th Cir. 1998).

Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). As a result, "[i]f the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012) (quoting *Harvill*, 433 F.3d at 433). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*,

477 U.S. at 248. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

Finally, "even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995) (quoting *Anderson*, 477 U.S. at 255–56).

### III.  Discussion

Barron moves for summary judgment on Century's asserted affirmative defenses. Doc. No. 42 at 1, ¶ 1. Specifically, Barron contends that some of Century's affirmative defenses, Exclusions 2.d(1)-(2), (4) and 3.c.(1)-(4), do not preclude coverage for Barron's claim, and that there is no genuine dispute of material fact regarding the inapplicability of these defenses. *Id.*

In response, Century contends that "Plaintiff does not include any specific request for relief or issues to be ruled upon" in his instant motion. Doc. No. 48 at 3, ¶ 22. The undersigned disagrees. Barron properly moves for summary judgment on Century's asserted affirmative defenses. "A party may move for summary judgment, identifying each claim *or defense*—or the part of each claim *or defense*—on which summary judgment is sought." FED. R. CIV. P. 56(a) (emphasis added). "Under Texas law, a policy exclusion is an affirmative defense." *Standard Waste Sys. Ltd. v. Mid-Continent Cas. Co.*, 612 F.3d 394, 398 (5th Cir. 2010); *see also D & R Full Serv., LLC v. Hardin Cnty. Diesel & Auto Repair*, No. 1:18-CV-115, 2019 WL 5390104, at *11 (E.D. Tex. Jan. 22, 2019). "Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case." *Soto v. William's*

6

*Truck Serv., Inc.*, No. 3:11-CV-3242-B, 2013 WL 487070, at *3 (N.D. Tex. Feb. 8, 2013) (quoting *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994)). Barron's instant motion turns on whether there is a genuine dispute of material fact with respect to Century's affirmative defenses to Barron's damages claim. Doc. No. 42 at 1, ¶ 1.

Barron alleges a breach of contract claim involving a coverage dispute, and thus, the burden shifting framework for coverage disputes under Texas law applies. *JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 603 (Tex. 2015). The insured has the initial burden of establishing coverage under the terms of the policy. *Id.* If the insured meets the initial burden, the burden shifts to the insurer, who has the burden to plead and prove that the loss falls within an exclusion to the policy's coverage. *Id.* If the insurer successfully proves that an exclusion applies, "the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id.* Here, Barron has the initial burden to prove that the insurance policy provides coverage for his damages claims. Century contends in its *Response* that Barron is "putting the cart before the horse" because Barron must first establish, with evidence, that the Century policy provides coverage for his damage. Doc. No. 48 at 5, ¶ 28. Century contends that Barron's instant motion contains no evidence to satisfy this initial burden. *Id.*

Barron sufficiently meets his initial burden of establishing coverage. The all-risks insurance policy at issue here provides that "Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy." Doc. No. 41-2 at 78. "An 'all risks' policy creates a 'special type' of coverage, that extends to 'all losses of a fortuitous nature' absent 'fraud or other intentional misconduct' and except for losses specifically excluded under the policy." *Risinger Holdings, LLC v. Sentinel Insurance Co., Ltd.*, 565 F. Supp. 3d 844, 858 (E.D. Tex. 2021) (citing *Dow Chemical Co. v. Royal Indem. Co.*, 635 F.2d 379, 386 (5th Cir. 1981)). Texas district

7

courts equate "physical loss" with "tangible damage to property." *See Hajer v. Ohio Sec. Ins. Co.*, 505 F. Supp. 3d 646, 650 (E.D. Tex. 2020) (collecting cases).

In his *Complaint*, Barron alleged that one of his insured buildings suffered damage to (1) the metal roof; (2) the interior; and (3) domestic plumbing lines due to the February 2021 winter storm. Doc. No. 1 at 8, ¶ 60. These property damage allegations are supported by the report of Barron's causation expert, Joshua Reeves, which noted and analyzed the roof damage. Doc. No. 40-8. Moreover, Century acknowledged that Barron's insured property suffered damage to the metal roof, interior, and domestic plumbing lines in its denial of coverage letter.[3] Doc. No. 41-12 at 2. Barron's allegations constitute a sufficient showing of "direct physical loss" because each type of damage alleged is a form of "tangible damage to property." *See Hajer*, 505 F. Supp. 3d at 650. Thus, the undersigned finds that Barron met his initial burden to show that the damage to his building is covered, so the burden shifts to Century to prove the applicability of an exclusion.[4]

The applicability of an exclusion is the subject of Barron's instant motion. Barron may satisfy his summary judgment burden if he establishes that there is no evidence supporting the exclusions on which Century relied to deny coverage. *See Soto*, 2013 WL 487070, at *3. Barron attempts to do so by discussing deficiencies he perceives in the findings of Century's various adjusters who inspected the property. Doc. No. 42 at 3–7. First, Barron notes that Dennis Romero

---

[3] Specifically, Century noted that "[o]ur investigation confirmed that the loss was the result of freeze damages to the domestic plumbing lines, with resulting water damage to the building. Your contractor also indicated the damages to the metal roofing structure may be related to the weight of ice and snow during the storm." Doc. No. 41-12 at 2.

[4] Century is correct that in Barron's instant motion, he does not explicitly discuss whether he has met his initial burden of proving coverage under the policy. However, the narrow issue to be resolved in the instant motion is the applicability of the exclusions that Century asserts as affirmative defenses, not whether Barron met his initial burden of establishing coverage. *See* Doc. No. 42 at 1, ¶ 1. Nonetheless, the summary judgment record, viewed in its entirety, makes clear that Barron has met this burden. "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). The undersigned's consideration of Century's declination of coverage letter attached to Barron's instant motion (Doc. No. 42-6) reveals that Barron has adequately shown "direct physical loss" to his insured property as recognized by the insurance policy and Texas district courts examining the same issue.

8

failed to address any of the exclusions Century alleged as an affirmative defense. *Id.* at 3. Second, Barron notes that Dashaun Milling's report "doesn't address the damage he observed to corrosion, deterioration or cracking; or, identify the circumstances under which foot traffic caused the indentations." *Id.* at 4. Third, Barron notes that Patrick Fecke inspected the roof after most of the repair work was completed, and that his report did not include any photographs of the "numerous depressions and indentations in the roof" observed by Mr. Milling. *Id.* at 5. Finally, Barron notes that Troy White's report "did not include any data or other information to support the claim that wear and tear was a direct cause of openings in the roof that allowed moisture to enter the shops below." *Id.* Additionally, Barron notes that White's report does not prove that "prior repairs or the use of sealants caused roof damage on the date of loss." *Id.*

Barron discusses various deficiencies he perceives in the adjusters' reports, but he fails to establish that Century's assertion of the exclusions was not supported by evidence. Barron's arguments ultimately miss the point—arguments that the adjusters' reports incorrectly analyze the cause of damage do not establish that there is no evidence supporting Century's affirmative defenses. Rather, Barron simply highlights potential weaknesses in the adjusters' analysis of the damage. This is not enough to satisfy Barron's summary judgment burden. Indeed, Century's asserted affirmative defenses on which Barron moves for summary judgment, Exclusions 2.d(1)-(2), (4) and 3.c.(1)-(4), are supported by evidence based on three adjusters' inspections of Barron's insured property conducted on Century's behalf.[5] While Barron disagrees with the conclusions of

---

[5] It is undisputed that Century relied on a variety of inspections of the insured building in reaching its coverage determination. For instance, Crawford Global Technical Services inspected the insured building on March 5, 2021 and concluded that the "cause of loss is frozen domestic water pipes, which ruptured and caused water damage." Doc. No. 41-7 at 5. Envista Forensics inspected the roof of the insured building on April 20, 2021 and concluded that "[t]he observed metal roof panel indentations were not caused by the reported winter storm event. Rather, the indentations were consistent with damage caused by foot traffic." Doc. No. 41-10 at 3. After Barron presented his pre-suit demand to Century, MKA International, Inc. inspected the building on February 18, 2022 and concluded that "[b]ased on our direct observations and analysis of the available weather data, the subject building's

these inspections, he does not support the contentions in his instant motion with any evidence showing that the reports were improperly or erroneously made, or that Century's reliance on the reports in denying coverage was improper. And even if Barron did make such a showing, such arguments are better fit in a motion to challenge expert testimony, not a motion for summary judgment. Thus, the undersigned finds that Barron fails to meet his summary judgment burden of showing that Century's affirmative defenses are unsupported by evidence. Accordingly, Barron's instant motion should be denied.

To the extent Barron moves for summary judgment on an exception to the collapse exclusion, his instant motion should be denied on this basis as well. Barron merely cites the exception to the collapse exclusion and offers nothing more than a conclusory statement that the exception "describes a situation in which a reasonable jury could conclude that two covered losses combined to cause the covered damage." Doc. No. 42 at 6–7. This is not sufficient to meet Barron's summary judgment burden of showing there is no genuine dispute of material fact that an exception to the collapse exclusion applies.

## IV. Conclusion

Plaintiff Larry Barron has failed to meet his summary judgment burden regarding the applicability of Century's asserted affirmative defenses. Accordingly, the undersigned recommends **DENYING** Plaintiff Larry Barron's *Motion for Partial Summary Judgment* (Doc. No. 42).

## V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

---

roofing and underlying structure were not impaired or compromised by the snow, ice, or temperatures experienced on or surrounding the date of loss." Doc. No. 41-15 at 9.

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within 14 days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within 14 days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge