| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| BRENDA BARRON, TEMPORARY ADMINISTRATRIX OF THE ESTATE OF LARRY BARRON, DECEASED, § § § § | |
| Plaintiff, § | NO. 1:22-cv-00144-MAC-ZJH |
| *versus* § § § | |
| CENTURY SURETY COMPANY, § § | |
| Defendant. § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATION

On November 9, 2023, the court referred this case to the Honorable Zack Hawthorn, United States Magistrate Judge, for pretrial management.  Doc. No. 54.  Pending before the court are two motions: Defendant Century Surety Company's *Motion for Summary Judgment* (Doc. No. 41) and Plaintiff Larry Barron's *Motion for Partial Summary Judgment* (Doc. No. 42).  On May 9, 2024, Judge Hawthorn issued his Report and Recommendation (Doc. No. 71), which recommends granting in part and denying in part Defendant's *Motion for Summary Judgment* (Doc. No. 41).  On May 15, 2024, Judge Hawthorn issued his Report and Recommendation (Doc. No. 74) denying Plaintiff's *Motion for Partial Summary Judgment* (Doc. No. 42).  On June 24, 2024, Plaintiff Larry Barron timely filed *Objections* to both of Judge Hawthorn's reports.  Doc. No. 79.  On July 15, 2024, Defendant Century Surety Company filed its *Response to Plaintiff's Objections*.  Doc. No. 84.

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The court has conducted a *de novo* review of Judge Hawthorn's two Reports and Recommendation and has carefully considered Barron's objections. The Court finds that Judge Hawthorn's findings and conclusions of law are correct and that Barron's objections are without merit.

1. **Objection 1: Judge Hawthorn's finding that Exclusion 3.c. does not apply to deny coverage for Barron's roof damage claim is inconsistent with his decision to dismiss Barron's bad faith claim.**

Barron contends that Judge Hawthorn's findings on the applicability of Exclusion 3.c. and conclusion on his bad faith claim are inconsistent with one another, and therefore, Barron's bad faith claim should be restored. Doc. No. 79 at 3. However, Barron fails to demonstrate how Judge Hawthorn's conclusion on the applicability of Exclusion 3.c., which relates to his breach of contract claim, warrants reversing his conclusion on Barron's bad faith claim. Barron's conclusory statement that "[t]he court's findings are inconsistent with its decision to dismiss Barron's bad faith claim and the claim should be restored" is insufficient to demonstrate that Judge Hawthorn's conclusion on Barron's bad faith claim is incorrect. The court concludes that these findings are unrelated, and that Barron's objection is unavailing.

The court agrees with Judge Hawthorn's finding that Century failed to meet its summary judgment burden of showing that Exclusion 3.c. applies to deny coverage for Barron's roof damage claim. Doc. No. 71 at 8–9. Judge Hawthorn found that Century failed to establish an absence of a genuine dispute of material fact that "foot traffic" was the cause of roof damage, or that damage from "foot traffic" makes the exclusion applicable. *Id.* The court agrees. Thus,

Century failed to meet its summary judgment burden regarding Barron's breach of contract claim. *Id.* at 10.

Additionally, regarding Barron's bad faith claim, Judge Hawthorn correctly concluded that Century met its summary judgment burden. *Id.* at 12. The court agrees with Judge Hawthorn's conclusion that Barron identified a bona fide coverage dispute between competing experts and failed to meet his burden of showing that Century "had no reasonable basis for denying or delaying payment of the claim, and that Century knew or should have known that there was no reasonable basis for denying or delaying payment of [the] claim." *Id.* at 11–12. Accordingly, this objection is overruled.

**2. Objection 2: Judge Hawthorn should have found that Barron met his initial burden of establishing coverage under an exception to the Collapse Exclusion in the Century Policy.**

Barron contends that Judge Hawthorn "failed to make any finding with respect to Barron's claim that he met his initial burden of establishing coverage for his roof claim under an exception to the Collapse Exception." Doc. No. 79 at 4–5. Specifically, Barron argues that because his causation expert opined that buckles in the removed panels were caused by downward pressure from ice buildup, he therefore met his initial burden to establish coverage under the collapse exception. *Id.* at 5. The court finds this argument unavailing. Judge Hawthorn correctly concluded that Barron failed to meet his summary judgment burden of showing that Century's affirmative defenses are unsupported by evidence. Doc. No. 74 at 10. The court agrees with Judge Hawthorn's finding that Barron's arguments addressing the applicability of exclusions "ultimately miss the point—arguments that the adjusters' reports incorrectly analyze the cause of damage do not establish that there is no evidence supporting Century's affirmative defenses." *Id.* at 9. Accordingly, this objection is overruled.

It is, therefore, ORDERED that Plaintiff Larry Barron's *Objections* (Doc. No. 79) are OVERRULED.

It is further ORDERED that Judge Hawthorn's two Reports and Recommendation (Doc. Nos. 71, 74) are ADOPTED. Defendant Century Surety Company's *Motion for Summary Judgment* (Doc. No. 41) is GRANTED IN PART regarding Barron's bad faith claim and claim under TEX. INS. CODE § 541.060(a)(5) and is DENIED IN PART regarding Barron's breach of contract and Prompt Payment of Claims Act causes of action. Accordingly, Plaintiff Larry Barron's bad faith claim and claim under TEX. INS. CODE § 541.060(a)(5) are DISMISSED WITH PREJUDICE.

It is further ORDERED that Plaintiff Larry Barron's *Motion for Partial Summary Judgment* (Doc. No. 42) is DENIED.

SIGNED at Beaumont, Texas, this 16th day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE